JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Margaret N. Butler, in individual,<br>　　　Plaintiff,<br><br>　　　　　　v.<br><br>GENERAL MOTORS LLC, a Delaware Limited Liability Company, and DOES 1-10, inclusive,<br>　　　Defendants. | 2:25-cv-10606-DSF-PD<br><br>Order GRANTING Plaintiff's Motion to Remand (Dkt. 18) |

　　　Plaintiff Margaret N. Butler moves to remand this action to the Los Angeles County Superior Court. Dkt. 18 (Mot.). Defendant General Motors LLC (GM) opposes. Dkt. 20 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the motion is GRANTED.

## I. Background

　　　Butler filed this lemon law action arising out of her purchase of a 2018 Buick Encore in state court on February 7, 2025, naming as defendants GM and Tustin Dealership LLC. Dkt. 1-1 (Compl.) ¶¶ 3, 7. Butler filed a First Amended Complaint (FAC) on April 8, 2025, dismissing Tustin Dealership LLC. Dkt. 1 (NOR) at 2.¹ On June 20,

---

¹ GM failed to include the operative First Amended Complaint with its Notice of Removal, as required by 28 U.S.C. 1446(a) ("[D]efendants desiring to remove any civil action from a State court" must file "all process, pleadings,

2025, Butler voluntarily dismissed all causes of action under California's Song-Beverly Consumer Warranty Act, leaving only two claims for breach of warranty based on the Magnuson-Moss Warranty Act (MMWA) and the California Commercial Code.  NOR at 2; see Mot. at 2, 10; Opp'n at 4.  GM removed this case on November 4, 2025 based on diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.  NOR at 3.  On December 3, 2025, Butler moved for remand arguing that (1) GM's notice of removal was untimely, and (2) GM did not adequately allege the requisite amount in controversy.  Mot. at 4.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  If a defendant fails to meet its burden of establishing subject matter jurisdiction, the suit must be remanded.  28 U.S.C. § 1447(c).  Generally, doubts as to removability are resolved in favor of remand.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941) (affirming remand, citing the "Congressional purpose to restrict the jurisdiction of the federal courts on removal" and the "power reserved to the states under the Constitution to provide for the determination of controversies in their courts[.]").

To remove an action from state court, a defendant must file in the district court a notice of removal "containing a short and plain

---

and orders served upon such . . . defendants in such action.").  However, the Court finds that the FAC is not needed to evaluate the merits of the instant motion.

statement of the grounds for removal[.]" 28 U.S.C. 1446(a).  A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014); see also Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021) (finding the notice of removal need not "prove" subject matter jurisdiction, but must instead "contain[] plausible allegations of the jurisdictional elements").

### III. Discussion

The MMWA permits claims to be filed in federal court only if the amount in controversy is at least "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d).  Butler attacks GM's calculation of the amount in controversy alleged in its Notice of Removal, arguing that it should not include attorneys' fees because they "are not directly recoverable under the California Uniform Commercial Code."  Id.

In its Notice of Removal, GM used the vehicle's estimated purchase price of $35,760 and stated—without any actual calculations or additional dollar amounts—that together with incidental damages, consequential damages, and attorneys' fees, the amount in controversy exceeds the $50,000 threshold for federal question jurisdiction.  NOR at 4-5.[2]  GM provided no specific estimate of the total amount in controversy.  In opposition to the instant motion, GM refined its estimate by applying the damages calculation under California Commercial Code § 2713 to yield $24,292 in potential recovery.  Opp'n at 13.  To meet the $50,000 jurisdictional threshold, GM relies on an estimated $33,300 in attorneys' fees recoverable under the MMWA.  Id. at 13-14.

---

[2] Though GM removed based on both federal question and diversity jurisdiction, in opposition to the instant motion GM argues only federal question jurisdiction under the MMWA.  See Opp'n at 12-14.

3

GM relies on Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018) to contend attorneys' fees are properly included in the amount-in-controversy calculation. Opp'n at 13. Fritsch, however, concerned attorneys' fees that the plaintiff could recover under a state fee-shifting statute, not federal law. See Fritsch, 899 F.3d at 794 (finding attorneys' fees were properly added to other available monetary relief to determine the amount in controversy where those fees were permitted by California law). In Shoner v. Carrier Corp., the Ninth Circuit clarified the treatment of attorneys' fees when calculating the amount in controversy in an MMWA claim. 30 F.4th 1144, 1148 (9th Cir. 2022). Under Shoner, attorneys' fees "may be included in the amount in controversy *if they are available to prevailing plaintiffs pursuant to state fee-shifting statutes*." Id. (emphasis added). "[O]nly when authorized by an underlying state statute" are attorneys' fees included. Id. at 1149. Where the underlying "state law claims do not allow [the plaintiff] to recover attorneys' fees," those fees cannot be added to other requested monetary relief to meet the $50,000 statutory threshold under the MMWA. Id. at 1150.

The California Commercial Code, under which Butler brings her only state law claim, does not provide for recovery of attorneys' fees. See Cal. Comm. Code §§ 2711-2713.[3] GM argues that attorneys' fees recoverable under the MMWA should count toward the amount-in-controversy requirement. Opp'n at 13. But because any attorneys' fees to which Butler may be entitled are authorized not by the state statute underlying her MMWA claim but by the MMWA itself, GM may not include them in its amount-in-controversy calculations. See Shoner, 30 F.4th at 1149. Without attorneys' fees, GM's allegations of the amount in controversy total $35,760 in its Notice of Removal and $24,292 in its

---

[3] The parties agree that the Song-Beverly Act causes of action, which would have authorized attorneys' fees and civil penalties, were previously dismissed, and the only current state law cause of action is brought under the California Commercial Code. See Mot. at 10; Opp'n at 4-5, 10.

4

opposition to the instant motion.  <u>See</u> NOR at 4-5.; Opp'n at 13-14.[4]  Both amounts are far below the required $50,000 for federal question jurisdiction.  Therefore, GM has not made a sufficient showing that this Court may exercise subject matter jurisdiction over this action.

Because remand is proper due to lack of subject matter jurisdiction, the Court does not reach the issue of whether GM's Notice of Removal was timely.

### IV. Conclusion

For the foregoing reasons, Butler's motion to remand is GRANTED.  The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: December 23, 2025

*Dale S. Fischer*
Dale S. Fischer
United States District Judge

---

[4] In the declaration accompanying GM's opposition, counsel for GM estimates Butler will request other litigation costs of $9,500 if she prevails in this action but does not argue that sum counts toward the amount-in-controversy.  Crable Decl. ¶ 10.  The MMWA's amount-in-controversy provision states that "interests and costs" are excluded from the calculation.  15 U.S.C. § 2310(d).  Even if Butler's litigation costs were included in the amount in controversy, it would not be sufficient to meet the minimum required for federal question jurisdiction.